**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| T'SHUN WILSON, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| v. | )  Case No. CIV-05-546-T |
| | ) |
| EDWARD L. EVANS, | ) |
| | ) |
|        Respondent. | ) |

### ORDER

Petitioner, a state prisoner appearing *pro se*, brought this action under 28 U.S.C. §2241 seeking a writ of habeas corpus. The matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. On August 26, 2005, Judge Argo issued a Report and Recommendation in which he recommended that Petitioner's Petition for a writ of habeas corpus be denied. On September 19, 2005, Petitioner filed an objection to the Report and Recommendation.

In his first objection, Petitioner cites Wolff v. McDonnell, 418 U.S. 539, 556 (1974) and states, without elaboration or explanation, that he "was not provided the Reqiured [sic] advance written notice and his due process rights were in fact violated." (Objection at 2 (capitalization as in original).) In the Report and Recommendation, Judge Argo cited Exhibit G to Petitioner's Petition for the proposition that Petitioner was given advance notice of the hearing. Specifically, Exhibit G shows that Petitioner was notified, in writing, on January 20, 2005, that the rehearing on the disciplinary charges would occur on January 28, 2005. Petitioner fails to identify how this notice failed to satisfy the requirement that he receive 24 hours notice within which to prepare for the hearing. Accordingly, as Petitioner has failed to demonstrate error in this regard, his first objection is overruled.

In his second objection, Petitioner states that there was a "lack of substantial evidence" to support the escape charge.[1] However, Petitioner does not cite any legal authority in support of his claim nor does he explain, in his objection, how the undisputed facts fail to sustain a finding of guilt of code 16-1.

The court of appeals' "firm waiver rule" holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" will avoid application of the firm waiver rule); Nolan v. Martin, 188 F.3d 519, 1999 WL 565681 at *2 (10th Cir. 1999) (a general objection to Magistrate Judge's Report and Recommendation is insufficient to preserve an issue for further review) (unpublished opinion cited pursuant to Tenth Cir. Rule 36.3).

A review of Petitioner's second objection demonstrates it fails to satisfy the foregoing requirements. Accordingly, the Court finds Petitioner has waived any objections to the issue of sufficiency of the evidence.

In his final objection, Petitioner stated that he was denied due process because the hearing officer "had [a] conflict of interest," the "Facility Head reviewer was not impartial," "the Reviewing Authority was Biased, and partial," and "there was a conflict of interest on part of the Due Process reviewer on Administrative Due Process Review." (Objection at 6.) Petitioner does not, however, explain any of these

---

[1] *Petitioner admits in both his Petition and his Objection that he was due back to the facility at 2300 on December 6, 2004, but did not arrive there until 0045 on December 7, 2004. Petitioner further admits that he called prior to the time he was due to return and stated he would be "20 to 30 minutes late." He did not later call and explain that he would be an additional 60 to 70 minutes late.*

allegations. Accordingly, the Court finds Petitioner has waived any objection to this portion of the Report and Recommendation.

## CONCLUSION

As more specifically set forth herein, the Court ADOPTS the August 26, 2005, Report and Recommendation in its entirety; OVERRULES Petitioner's September 19, 2005, objection thereto; and DENIES his request for habeas relief.

IT IS SO ORDERED this 21st day of September, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE